## MILLER *v.* CHAFFEE.

Disputed questions of fact cannot be reviewed, on a writ of error brought on a judgment of the circuit court affirming, on certiorari, a judgment of the county court.

ERROR to Wayne Circuit Court, on a judgment of that court affirming, on certiorari, a judgment of the county court.

*Bishop*, for plaintiff in error.

*Van Dyke and Emmons*, for defendant in error.

*By the court*, MILES, J. The question is, whether, upon this writ of error, we have any thing to do with the disputed questions of fact, determined by the county court.

A writ of error is said to lie only upon matters of law arising upon the face of the proceedings. 2 Chit. Black. 406.

By the statute, a review of the proceedings and judgment of the county court may be had upon certiorari; and the circuit is in such case required to give judgment in the cause as the right of the matter shall appear, without regarding technical omissions, &c., which did not affect the merits.

It is not our intention, inasmuch as it is not necessary in this case, to define the extent of the jurisdiction of the circuit court under the statute; but we refer to it for the purpose of introducing a decision of the supreme court of the state of New York, showing the views there en-

tertained under a statute with a similar provision. By that statute, a court of common pleas was authorized to review upon certiorari the judgments of a justice of the peace, and to decide according to the justice of the case, disregarding matters of form which did not affect the merits.

In the case of Whitney *v.* Sutton, 10 Wendell 412, the common pleas having reversed the judgment of the justice recovered by the plaintiff below, he sued out a writ of error, returnable in the supreme court, which brought up the record of the common pleas containing the justice's return. From that return it appeared that the questions raised before the justice were both of law and fact.

The court there say, Savage, Ch. J., " with the questions of fact which were disputed, we have nothing to do : upon a writ of error we can correct errors of law only." And, further, " whether the decision was according to the right of the case, was a proper question to be reviewed by the common pleas, and is not a proper question for review by this court."

As we have before said, we do not now pretend to determine the proper mode of reviewing questions of fact by the circuit court, but solely to declare that this statute has not conferred upon this court any additional powers, or required from it the performance of any other duties than before existed at common law.

There being, then, no error found in the judgment of the circuit court, the same must be affirmed.

*Judgment affirmed.*