## BARBER *v.* TAYLOR.

Where the plaintiff in a justice's court exhibits a promissory note endorsed by defendant, and states that he declares against defendant as endorser, without making any averment or statement as to the presentation of the note for payment, and notice of non-payment to defendant, the declaration is bad in substance and the judgment will be reversed.

ERROR to Oakland Circuit Court.

*Stevens,* for plaintiff in error.

*M. L. Drake,* for defendant in error.

*By the court,* MILES, J.   This case originated in a justice's court, where the plaintiff below declared against the defendant below as endorser of a promissory note, and exhibited the note. The defendant did not appear, the plaintiff had judgment, and the defendant appealed.

The defendant's default for want of a plea having been entered in the circuit court, the plaintiff assessed his damages and had judgment.

The case seems to have been disposed of in the circuit upon the pleadings in the justice's court; for, although a plea of the general issue is set forth on the record in the circuit, still, it appears not to have been allowed, as the defendant made an ineffectual effort to set aside the default.

A question is now made upon the insufficiency of the declaration in matter of substance, and the only error assigned, is, that it was defective in this respect.

In determining this question, we may, perhaps, with propriety, at once resort to the rule so well established in New York and elsewhere, and which it is insisted should govern this court in reviewing the proceedings in a justice's court, which seems to be substantially this, that every reasonable intendment should be made in favor of the judgment below. Whenever the court can possibly intend from the record that the merits were fairly tried, they will not test by technical rules the *formality* of the pleadings. 3 Caines' R. 174. Technical nicety or legal precision is not required. *Id.* 153. So far as respects regularity and form, the rule is liberal. 1 *Id.* 594.

The rule might be stated thus: whenever the declaration contains a substantial statement of a cause of action, it shall be held sufficient. Substance is required, not form.

The undertaking of an endorser is conditional, dependent upon non-payment by the maker upon demand made at a proper day, and notice of such default to the endorser.

In an action upon a promissory note against the maker, the exhibition of the note in a justice's court, with a statement by the plaintiff that he declares upon the note, may well be held sufficient. The express promise to pay, and the breach, both appear. But the exhibition of a blank endorsement does not show this.

It was well said on the argument, that a man may be an endorser forever without incurring liability. The plaintiff declares against the defendant as endorser, is the language. The endorsement appears: but beyond that there is no averment, either in the verbal statement or in the writing. These averments are necessary to show a cause of action. In this view, then, I think the declaration clearly insufficient in matter of substance; and the defendant, never having appeared and plead, has waived nothing.

It appears from the record in the circuit court, that judgment was taken by default, and the plaintiff's damages assessed. Now, we might well inquire, what is admitted by this default? No more than is stated in the declaration, and if that does not contain a statement of a cause of action, such cause is not admitted by the default; and a mere assessment of the amount of plaintiff's damages does not entitle him to judgment.

It was said upon the argument, that the defendant neglected to plead in the circuit court: that neglect would entitle the plaintiff to recover for the cause of action stated in his declaration, and that the amount of that recovery was to be shown to the court. The plaintiff should, then, see that he has a good cause of action stated in his declaration, and if not, move to amend.

I think, then, upon every principle of law, this judgment ought not to be sustained. The defendant had it all his own way in both courts, and we cannot sustain the judgment without a greater relaxation of the rule applicable to the sufficiency of declarations, than has ever been permitted. *Judgment reversed.*