## HERRING *v.* HOCK AND HOCK.

The verdict of a jury in the county court is not conclusive as to the facts of the case, on certiorari to the circuit court.

The judgment of a county court is to be reviewed on its merits. The verdict of a jury in that court should not be disturbed for slight causes; but where it is manifestly unsupported by evidence, the judgment should be reversed.

On reversing the judgment of a county court, the circuit court may, in its discretion, award a new trial under the act. Sess. L. 1849, p. 290.

ERROR to Hillsdale Circuit Court.

*Howell,* for plaintiff in error.

*Hinman,* for defendants in error.

Herring *v.* Hock and Hock.

*By the court*, MUNDY, J.   The plaintiff brought an action of trespass, before a justice of the peace of Hillsdale county, against the defendants, for taking and carrying away a quantity of lumber.   Judgment was rendered by the justice for the plaintiff.   From this judgment the defendants appealed to the county court of Hillsdale county.

Upon the trial of the cause in that court, the jury gave a verdict for the plaintiff for $13, for which sum, with costs, judgment was rendered.   From the county court the cause was removed by certiorari into the circuit court for Hillsdale county, where the judgment of the county court was reversed, and it is now here upon writ of error, to be disposed of by this court.

It is assigned for error, that the circuit court erred in reversing the judgment of the county court rendered upon the verdict of the jury: that the verdict of the jury was conclusive upon the facts submitted to them: and, further, that such verdict, and the judgment thereon, were in accordance with the law and the facts of the case.

It will not be denied that it was the appropriate duty of the jury to pass upon the testimony, and, having ascertained the facts, to find a verdict accordingly, and that such verdict, and the judgment thereon, should not for slight causes be disturbed by the appellate court; but there can be no doubt of the power of the circuit court to review in a civil case a judgment of the county court upon its merits, and, when the verdict upon which it was rendered is manifestly unsupported by the evidence, to reverse such judgment.   R. S. 387, sec. 54.

It is proper to remark, that the judgment of the circuit court was rendered before the act of 1849 took effect, which authorized the circuit court, upon reversal of a judgment, to remand the cause to the county court for a new trial.   If this act had been in force when the judgment of the circuit court was rendered, that court might, in its discretion, have awarded a new trial.   As it was, all that the circuit court could do, if satisfied that the verdict was wrong, was to reverse the judgment, leaving it to the plaintiff to bring a new action, if he should think proper so to do.

We are satisfied, from a review of the testimony, with the judgment of the circuit court.

The defendants held the note of the plaintiff for fifty dollars, payable to H. Myers, or bearer, in lumber, at his steam saw mill in Allen, with-

in one year from its date, upon ten days' notice, The note was dated January 5, 1848. On the 29th or 30th of December, 1848, one of the defendants gave notice to the plaintiff, who said to him, that if he would come in about ten days the lumber would be ready for him. By the testimony of H. Montgomery, he, at the request of the plaintiff, about the last of December, 1848, or the 1st of Januaay, 1849, notified the defendants that the lumber was ready for them; that the price of the first quality was $8, a whole stock $7, and poorer $6; and showed them a pile of lumber that had been sawed for them.

On the 10th of Jaauary, one Gregory, who was in the employment of the plaintiff, delivered to Henry Hock one thousand feet, which was taken away, and of this, Gregory the same day informed the plaintiff: and in the afternoon of the same day, the plaintiff measured and delivered to the defendants sixteen hundred feet more.

After this last quantity had been loaded on the defendant's sleighs, and driven some ten rods, the plaintiff asked to have the amount endorsed on the note. Henry Hock said they had not the note with them. The plaintiff then asked for a receipt to apply on the note, and told the defendants that they could not have the lumber unless it was endorsed on the note, receipted or paid for; and the defendants drove off with the lumber. There was some conversation about the price of the lumber. The plaintiff said he would sell no more good lumber for less than $8. The defendants said they could get good lumber at Jonesville or Hillsdale for $6 or $6 50. The plaintiff said the price was $8, at which price they might take it or leave it.

These facts clearly show a transfer of property in the lumber. There was not only a sale and delivery, but payment also. It was undoubtedly the understanding of the parties, at the time of the delivery of the lumber;—and the measurement by the plaintiff, and the loading by the defendants upon their sleighs, constituted an actual delivery;—that it was delivered in part payment of the note.

In fair dealing, the defendants should have given the receipt asked for; but after the delivery of the lumber in part payment of plaintiff's note held by the defendants, the property in the lumber was changed, and the defendants were not wrong doers in keeping possession of it. The receipt would have been evidence, and nothing more, of the delivery of the lumber in part payment of the note; and of this fact, as appears

from the testimony upon the trial, the plaintiff had already abundant evidence within his reach.

The judgment of the circuit court must be affirmed, with costs.

*Judgment affirmed.*