## Edward Elliott vs. William Whitmore.

In replevin for property taken in execution, and claimed by plaintiff as exempt, it is not necessary specifically to set out the character of the property in the declaration, so as to show the exemption. The exemption, or any other question that is triable in an action of replevin, may be tried under the general form of declaration furnished by the statute.

The forms prescribed by the statute for actions of replevin are applicable alike to Justices' Courts and Courts of Record.

Where property which is exempt from execution to a specified amount or value is levied upon, the officer, if he would protect himself from the consequences of an action for taking it, must cause an inventory and appraisement of the whole of such property belonging to the debtor to be made, and the amount exempt to be set out to the debtor.

Though, in cases removed by certiorari from Justices' Courts to the Circuit Court, the latter court has the power to inquire into the evidence exhibited in the Justice's Court, and give judgment as the right of the matter may appear, the Supreme Court, on such cases being brought before it by writ of error from the Circuit Court, has no corresponding jurisdiction, and can only correct errors of law.

*Heard July 14th. Decided October 23d.*

ELLIOTT vs. WHITMORE.

Error to Ingham Circuit.

The action was replevin, originally brought by Whitmore against Elliott, before a justice of the peace, for a quantity of household furniture and clothing. The declaration was in the usual form for the unlawful detention of the property. The defense was that the property was taken under execution on a judgment in favor of Elliott against Whitmore.

On the trial before the justice, defendant in error having proved the property to be his, and that it was taken by direction of plaintiff in error, offered further to show that the goods were household furniture, and the clothing the wearing apparel of his family. This was objected to, on the ground that, no particular character of the goods replevied being set up or claimed in the writ or declaration, or put in issue, no particular character could be proved. The justice overruled the objection, and the evidence was given on the subject. But the evidence did not distinctly show the clothing to have been in use in plaintiff's family. On the part of the defense, the judgment and execution were given in evidence, and it was proved that the goods were levied upon by virtue of the execution, while stored away in a barn; that Whitmore had, previous to that time, broken up housekeeping, and had an auction sale of household goods; but whether at that sale the property in controversy, or any portion of it, was put up for sale, does not from the record distinctly appear.

Judgment was rendered for Whitmore in the Justice's Court, which was removed to the Circuit Court by certiorari, and there affirmed. Elliott brought error to this Court, and assigned for error the admission of evidence to show the particular character of the goods, the permitting the plaintiff below to go into the question of exemption, and that the judgment was contrary to law and the evidence.

*J. W. & E. Longyear*, for plaintiff in error:

Property is not necessarily exempt because it consists of

bedding, stoves, clothing, &c., but because of its *particular character*, as that it is the household goods of the party claiming, not exceeding in value $250, or that it consists of stoves put up and kept for use in any dwelling house, or, if clothing, that it is the wearing apparel of the person claiming, or his family, &c.; and, in some instances, because of the particular relations to society sustained by the party claiming, as that he is a *householder*. And such particular character of the property replevied being of the very essence of the action in such cases, and the plaintiff having replevied without attaching that character to the property, he must be held to have replevied it in its *general character*, and it was error for the justice to permit the plaintiff to give evidence of any other character.

Besides, the exemption is an exception to a general rule; and in order to avail himself of the benefits of such exception, the party must bring himself within it by his pleadings. — *Reynolds vs. Sallee*, 2 *B. Monr.* 18; *Saffell vs. Wash*, 4 *Ibid.* 92.

While pleadings in justices' courts, in matters of form, are to be viewed with liberality, they must be sufficient in matters of substance, and apprise the opposite party of the real grounds of the action or defense. — *Hurtford vs. Holmes*, 3 *Mich.* 460; *Barber vs. Taylor*, 1 *Mich.* 352; *Ross vs. Hamilton*, 3 *Barb.* 609.

Defendant was estopped from insisting upon a claim of exemption, because such claim is founded upon the fact that the property replevied has been taken in execution, on attachment, which defendant positively denies in his affidavit for the writ. And also because he has omitted in his process and declaration to attach that character to the property, and declares in the *detinet*, which is only proper where the original taking was lawful. And it is submitted that under the Justices' Act of 1855 (*Comp. L.* §§ 3695 *to* 3699) the Legislature intended to deprive the defendant in an execution or attachment of the right to replevy goods seized by

virtue thereof, because it makes the jurisdiction of the justice depend upon the statement on oath that the property has not been seized under execution or attachment.

The judgment is against evidence, inasmuch as instead of affirmative showing by plaintiff in error that he was a house-holder, the contrary appeared; and there was no evidence whatever that the clothing was the wearing apparel of himself or family.

*W. H. Chapman*, for defendant in error:

The forms for proceedings in replevin being prescribed by statute, it is necessary to conform to them.—*Phenix vs. Clark*, 2 *Mich.* 327; *Calvin vs. La Farge*, 6 *Wend.* 505. This was done in the case at bar; and under these forms the statute allows the question of exemption to be tested.

The propriety of the judgment *upon the weight of evidence* can not be reviewed here.—*Jarvis vs. Hatheway*, 3 *Johns.* 180; *Feeter vs. Whipple*, 8 *Ibid.* 369; *Douglass vs. Tousey*, 2 *Wend.* 352; *Smith vs. Hicks*, 5 *Ibid.* 48; *Astor vs. Insurance Co.* 7 *Cow.* 202; *Keeler vs. Insurance Co.* 3 *Hill*, 250. When no errors in law appear, this Court will not review the case upon the merits.—*Hurtford vs. Holmes*, 3 *Mich.* 460.

MARTIN Ch. J.:

The objections of the plaintiff in error to the questions put to the witness Buck, were properly overruled by the justice. The object of the inquiries was to show that the property in question was exempt by law from seizure and sale upon execution, and the objections were not to the form, but to the purport of the questions. Under the pleadings in this case we think this inquiry might be properly gone into. It is not necessary in the declaration in replevin to describe specifically the character of the property, as that it is exempt from sale upon execution, any more than it is in an action of trespass or trover. It is sufficient to follow the

form of declaring prescribed by the statute. This statute is equally obligatory upon justices' courts as upon the circuit courts; and its sufficiency is not questionable in either. — *Comp. L.* § 3699. The provision of the statute relative to this subject is as follows: "It shall be sufficient for the plaintiff in his declaration, whether the original taking was lawful or otherwise, to allege with requisite certainty of time, place, and value, that the defendant received the property to be delivered to the plaintiff when thereunto afterwards requested, and that the defendant, although requested so to do, has not delivered the same to the plaintiff, but hath unlawfully detained the same," &c. — *Comp. L.* § 5028. In the present instance the declaration is in this form, and under it the plaintiff could show the detention of the goods, his property therein, and his right to the possession thereof at the time of the commencement of the suit. Hence, he could show the illegality of the defendant's possession, if the property and right to possession were established to be in him unless for such defendant's claim.

The defense interposed in this case is, that the property was seized and held under an execution issued by a justice of the peace upon a judgment in favor of Elliott, and against Whitmore, and that the goods were the property of Whitmore, and lawfully liable to be taken upon such execution; and upon the issue thus tendered the question of the liability of the property to such seizure is raised.

Under the Exemption Law, all wearing apparel of every person or family, and to each householder, all household goods, furniture, and utensils, not exceeding in value $250, are exempt from levy and sale upon execution (*Comp. L.* § 4465); and when property thus exempted is seized upon execution, replevin will lie at the instance of the judgment debtor (*Ibid.* §§ 5009, 5011). The exemption of wearing apparel is absolute — that of household goods is limited to an amount not exceeding $250 in value; and if the officer holding the execution would protect himself against the consequences of

an action for seizing goods of this class, he should cause an inventory and appraisement of the whole of such property belonging to the debtor to be made, and in case an excess over $250 in value is found, a selection of such amount to be made therefrom.—*Comp. L.* §§ 4466, 4467. If he neglects the performance of this duty, or if he seizes property of a class wholly exempted, it is no hardship upon him that the debtor asserts his rights by this action.

As, therefore, under the statutory form of declaration the question of the exemption of the property from seizure and sale upon execution can be properly raised, no argument can be drawn from such form against the plaintiff's right of recovery. Whether the goods be unlawfully taken, or wrongfully detained, the declaration is in the same form, and under it every question can be tried that is triable in the action of replevin; and, as already remarked, in the present case the notice accompanying the plea of the general issue distinctly tendered the issue of exemption or non-exemption. The defendant certainly can not insist upon having a declaration specially framed to enable the plaintiff to maintain this right of exemption, any more than to maintain any other special right to the possession of property.

There is nothing that we perceive in the affidavit accompanying the writ, inconsistent with the plaintiff's claim. This is in the usual and prescribed form, and whether it be true or false, consistent or inconsistent with the plaintiff's claim upon trial, it can not affect the issue or the judgment. The office of the affidavit is to confer jurisdiction; and it can only be looked into to ascertain that fact, not made to operate as a defense upon the trial upon the merits. It is only through proper pleadings that questions of this character can be raised, when they can be raised at all.

It is also assigned as error that the verdict and judgment are contrary to the law and the evidence. With the correctness of the judgment, so far as it is dependent upon

the evidence, this Court has nothing to do. The Circuit Court, in virtue of its statutory jurisdiction, has power to inquire into the evidence exhibited in the Justice's Court, and to give judgment as the right of the matter may appear. But this Court decided, in *Miller vs. Chaffee*, 1 *Mich.* 257, that, upon a writ of error in cases taken to the Circuit Court upon certiorari, this Court has no jurisdiction corresponding to that conferred upon the circuit courts in this respect, and that it can only correct errors of law. The same rule is recognized in *Dibble vs. Rogers*, 2 *Mich.* 404. The cases of *Herring vs. Hock*, 1 *Mich.* 501, and *Snow vs. Perkins*, 2 *Ibid.* 238, are not really, although they are apparently, in conflict with *Miller vs. Chaffee.* In the former case, the Court discusses the power of the Circuit Court in cases of certiorari to the county court to review the evidence, and then proceeds to show the judgment correct; while in the latter, the Court, in affirming the judgment, reviews the evidence, without comment upon the question of jurisdiction. In neither case was this question raised or referred to. But if these cases were in conflict with *Miller vs. Chaffee*, we should adhere to the doctrine of that case, as more consistent with reason, and with the jurisdiction and practice of this Court. In adhering to this rule, there is no hardship imposed upon suitors; for if, while the right of appeal is accessible to them, they choose to risk their case upon the more technical remedy of certiorari, it is but right that the consideration of the question of fact should be limited to the tribunal which, by our system of jurisprudence, has sole jurisdiction of this question in all other cases to which the writ of error may reach.

The other Justices concurred.

*Judgment affirmed.*