## Francis X. Cicotte and another v. Lysander Morse.

While the rules of pleading applied to Justices' Courts are extremely liberal, a cause of action must be as fully proved in those courts as in any other.

CICOTTE *v.* MORSE.

Where a justice of the peace, in return to a certiorari, certifies the evidence as follows: "I do certify the following to have been the evidence before me in the above entitled cause," and the objection taken before him was that certain necessary facts had not been proved; *Held* that it must be presumed that the whole evidence is returned.

Where, in cases removed from Justices' Courts by certiorari, the court below has found facts upon pertinent evidence, this court will not review that finding. But no court has a right to assume a fact without any evidence legally tending to prove it, or to dispense with the proof of any distinctive condition affixed to an agreement.

Proof of any one or more of the legal conditions necessary to charge an endorser, has no tendency whatever to prove a compliance with the rest.

*Submitted on briefs April 21st. Decided July 9th.*

Error to Wayne Circuit.

The action was assumpsit, brought by defendant in error before a justice of the peace. The judgment of the justice in his favor was removed to the Circuit Court by certiorari, and being affirmed by that court, was brought here by writ of error.

The return of the justice of the peace, after setting forth the issuing, service and return of process, is in the words following:

"And I do also certify that, at the time and place above specified for the return of said summons, the parties appeared before me, and the plaintiff declared against the defendants as follows: That on the 18th day of June, 1857, James Cunningham made a promissory · note, payable to his own order, and endorsed the same, and that the defendants, John Bacon and Francis X. Cicotte, endorsed the same, whereof they became liable to pay, and that the same was made payable at the office of C. & A. Ives; and when the same became due and payable, the maker thereof refused to pay, of which the endorsers had notice : which said note and notice of protest was placed on file in evidence.

"Defendants, by their attorney, demur to the declaration, for the reason that the said declaration shows no cause of action against the defendants, for any amount of money whatever, or any such presentment as makes

8 MICH—2 C

them liable to pay; which demurrer is overruled by the court.

"C. J. Church and Samuel ¡'Denton sworn on the part of the plaintiff; James M. Hollywood and James E. Whalen sworn on the part of defendants. After hearing the proofs and allegations, the court renders judgment in favor of the said plaintiff, and against the said defendants, for $150 damages, and the costs of suit, taxed at $5, this 25th day of November, 1857.

"I do certify the following to have been the evidence before me in the above entitled cause.

"*Charles J. Church*, *sworn:* I am a Notary Public. Was such on 17th day of September last. As such notary I presented the said note at the office of C. & A. Ives on the 19th day of September last, for payment, and I notified James Cunningham by putting a notice in the post-office, directed to Cleveland, Ohio; also by leaving a notice at the residence of John Bacon, directed to him. Also notified Mr. Cicotte by leaving a notice at his office (in writing) in Detroit. My fees as Notary are $1.25. I left the notice for Mr. Cicotte at the Sheriff's office in the Circuit Court building, where I was informed Mr. Cicotte kept his office.

"*Cross examination.* I do not know at whose office left Mr. Cicotte's notice, except as I was informed. I can not say who told me. I do not know that he resides in Detroit. I do not know E. V. Cicotte, the sheriff. All I know of Cunningham is what I was told. I do not know that I ever saw Cicotte in his office."

Then follows the testimony of Denton and Hollywood, which related to the signatures of the parties, and the transfers of the note, and that of Whalen, who testified that he knew Cicotte's residence, corner of Fort Gratiot and Brush streets, in Detroit.

*H. D. Terry* for plaintiffs in error:

The declaration is insufficient. There is no averment

of a refusal to pay, or of notice of presentment and refusal to plaintiffs in error: — 1 *Mich.* 352; *Chit. Pl.* (11 *Am. Ed.*) 328 ; 17 *Mass.* 229.

There was no proof of a sufficient notice to either Bacon or Cicotte. It does not appear, by any proof in the cause, what the notices given to the endorsers contained. The testimony is silent on that point. A mere notice of protest is insufficient: — 1 *Doug. Mich.* 296.— The notice should set forth the fact of presentment and refusal: — *Story on Notes*; §§ 348, 350 ; *Edw. on Bills*, 470 471, *and cases cited*; 4 *B. and C.* 339 ; 2 *Hill*, 587.

There was no sufficient proof of any service on Cicotte. *Story on Notes*, § 312 ; *Bailey on Bills*, 256 ; 11 *Johns.* 231 ; 16 *N. Y.* 235 ; 2 *Pet.* 100 ; 6 *La. Ann. Rep.* 100.

*Maynard and Meddaugh*, for defendant in error, argued that with the correctness of the judgment, so far as it relates to the evidence, this court will not interfere: — 1 *Mich.* 259; 10 *Wend.* 412; 5 *Mich.* 532. They therefore only discussed the question whether the declaration was sufficient, to which they cited, 4 *Wis.* 249 ; 3 *Mich.* 460; 10 *Johns.* 104; 1 *Denio*, 432 ; 4 *Denio*, 175 ; 3 *Caines*, 152; 2 *Mich.* 276; 23 *Ala.* 652. The statute authorizes declaration on a note on the money counts alone, with copy of the note attached; and the one in this case, the note being filed with the justice as a part of it, was much more specific and full than if on the money counts.

CAMPBELL J.:

The rules of pleading, when applied to justice's courts, have always been extremely liberal, and we are not disposed to regard the declaration in this case as insufficient.

But a cause of action must be as fully proved in one

court as in another. And facts which can not be regarded as tending to prove others which are material and necessary to establish a cause of action, can not before a justice, any more than at the circuit, be regarded as sufficient to fix a liability.

To charge an endorser, for example, several distinct things are necessary, no one of which can be disregarded, and no one of which can, therefore, when proved, raise any presumption of another. These facts to be proved are not only the making of the contract of endorsement, but presentment of the note at maturity for payment, a neglect or refusal to pay when presented, a notice giving a sufficient description of the note and distinctly showing its dishonor, and service of such notice within the proper time personally, or at the residence or place of business of the endorser, or by mail where it is properly mailable. These are all legal conditions, which, unless waived, must be strictly complied with, in order to charge the endorser at all. And proof of performance of any one or more of these conditions has no tendency whatever to prove a compliance with the rest.

In the case before us it is not seriously claimed that all these conditions, necessary to charge the endorsers, have been proved. But it is claimed that this court has decided that, in such cases, we can not weigh the testimony, and determine whether it establishes any fact satisfactorily or or not. It is undoubtedly true that, where the court below finds facts upon pertinent evidence, we cannot review that finding in this way. To the cases heretofore decided by us on that point we are entirely disposed to adhere. If there is any evidence tending to prove a fact, and the court below regards it as proved, we cannot say it should have required more. But no court has a right to assume a fact without any evidence legally tending to prove it, or to dispense with the proof of every distinctive condition affixed to an agreement. And where a court holds that an endorser may be charged without legal notice, it is an error of law, and not a mistaken view of facts.

CICOTTE *v.* MORSE.

The justice has certified the evidence in the following terms: "I do certify the following to have been the evidence before me in the above entitled cause." The objections taken before him, were, that necessary facts had not been proved. We must assume that we have the whole case. And as the endorsers are not shown to have been legally charged, the judgment must be reversed with costs.

CHRISTIANCY J. concurred.

MANNING J. dissenting:

It is objected the declaration does not state that payment of the note was demanded, at the office of C. & A. Ives, when it became due, and notice thereof was given to the defendants.

The statement of the declaration is, that the note was made payable at the office of C. & A. Ives, and that when it became due and payable the maker thereof refused to pay, of which the defendants had notice. This is sufficient in justice's court, where the pleadings, at the election of the party, may be either written or verbal, with the exception of notices of title to land, which must be in writing: — *Comp. L.* § 3714. The broadest intendment is always made in favor of such pleadings, and it is to be inferred from the declaration that the note, when it became due, was presented at the office of C. & A. Ives, and payment demanded. In *Barbour v. Taylor,* 1 *Mich.* 352, the plaintiff exhibited the note, and stated that he declared on it against defendant as indorser. There was no statement of non-payment by the maker, or notice to the indorser.

The evidence on which the justice rendered judgment can not be reviewed on a writ of error. It was so held by this court in *Miller v. Chaffee,* 1 *Mich.* 257; and *Elliot v. Whitmore,* 5 *Mich.* 532. I think these decisions right in principle, and see no good reason for overruling them. I think the judgment should be affirmed.

MARTIN CH. J. did not sit in this case.