# APRIL TERM, 1862, AT DETROIT.

## Janet Berry v. John Lowe, Jr.

Where error is brought in the Supreme Court upon a judgment of the Circuit, in a case brought there by certiorari to a justice of the peace, an assignment of errors "that the Circuit Judge erred in holding that the justice's judgment was erroneous in the several causes of error assigned in the affidavit for certiorari," is a sufficient special assignment of errors under the rule.

On a writ of error, the Supreme Court corrects only such errors as have been committed adversely to the interest of the party suing out the writ.

On certiorari to a justice's court, if the error alleged is a total want of evidence to prove some fact necessary to sustain the judgment, the Circuit Court should look into the testimony to see whether there was such evidence or not. If there was, it should not weigh it, or inquire into its sufficiency, but affirm the judgment. If the return shows no such evidence, and it appears that all the testimony before the justice has been returned, the judgment should be reversed, on the ground that the justice erred, in law, in rendering the judgment he did without such evidence.

Upon a certiorari to a justice of the peace, the Circuit Court has no power to render judgment in favor of the plaintiff in error for the costs of the suit before the justice.

*Heard November 1st and 5th* 1861. *Decided April 22d.*

Error to Wayne Circuit.

Berry brought replevin before a justice to recover of Lowe a trunk, certain articles of wearing apparel, and other goods. On trial, the justice found for the plaintiff as to a part of the articles replevied, and gave judgment in his favor for six cents damages and five dollars costs; and he awarded a return of the remaining articles to Lowe. Lowe sued out of the Circuit Court a writ of certiorari, assigning in his affidavit therefor the following among other errors:

"That the said Justice erred in giving a general judgment of costs against this defendant, upon a finding of a

10 Mich.—B.

part of the property in said plaintiff, and a part in this defendant.

"That the judgment rendered by the said justice is against the evidence in the case, there being no proof that said plaintiff had either a right of property or of possession to any of the articles awarded to the said plaintiff by said judgment; but, on the contrary, the proof being that the entire property of said trunk and clothing was in John Lowe, Senior."

The Circuit Court reversed the judgment of the Justice as to a portion of the articles adjudged to Berry, and rendered judgment in favor of Lowe for six cents damages and the costs of suit before the justice, and also for costs in the Circuit Court. The remainder of the justice's judgment was affirmed. Berry brought error to this Court, assigning for error "that the Circuit Judge erred in holding that the justice's judgment was erroneous in the several causes of error assigned in the affidavit for certiorari," and also that the Court erred in rendering the judgment it did for costs.

*J. E. Bigelow*, for plaintiff in error, to the point that where the evidence is conflicting the Circuit Court can not reverse the judgment of the Justice, referred to, 3 *Mich.* 612 ; 4 *Mich.* 198; 15 *Wend.* 491; 18 *Wend.* 141; 8 *Mich.* 427.

*G. A. Wilcox* and *E. Hall*, for defendant in error, objected that the assignment of errors was not *special* as required by the rules. They also argued that the Circuit Court might review the case on the evidence : — 1 *Mich.* 257 ; *Ib.* 502 ; 5 *Mich.* 532 ; 7 *Mich.* 79 ; 8 *Mich.* 427 ; but that the Supreme Court could not : — 1 *Mich.* 257 ; 2 *Mich.* 404 ; 5 *Mich.* 532 ; 7 *Mich.* 79. And they distinguished these last cases from that of *Cicotte v. Morse*, 8 *Mich.* 427, where the decision turned not upon a general review of the evidence, but upon a mistaken view of the Court

as to 'what was, *in law*, a good presentment, demand and notice of non-payment of a note.

MANNING J.:

The assignment of errors is sufficient. It is "that the Circuit Judge erred in holding that the justice's judgment was erroneous in the several causes of error assigned in the affidavit for certiorari." The statute requires the party applying for a certiorari to "make or cause to be made an affidavit, setting forth the substance of the testimony and proceedings before the justice, *and the grounds upon which an allegation of error is founded:*"—*Comp. L.* § 3869. And the case is to be brought to argument on the justice's return, "without any assignment or joinder in error, unless there be an allegation of error in fact." *Comp. L.* § 3880. The assignment in referring to the errors stated in the affidavit makes such errors a part of the assignment:—*Niles v. Rhodes*, 7 *Mich.* 374.

The cause was argued on all the errors stated in the affidavit. This is the correct practice when the justice's judgment is affirmed or reversed *in toto*, for the whole case is then open for review. But it is not the practice when the judgment is affirmed or reversed in part, unless both parties have brought error; as it is the province of a court of review, on a writ of error, to correct such errors only as have been committed adversely to the interest of the party suing out the writ.

In the present case, the Justice's judgment was reversed in part and affirmed in part. The plaintiff in error was plaintiff before the Justice, and the defendant in error was plaintiff in the Circuit Court. As defendant in error, he stands in this Court in the position his adversary stood in the Circuit; and as the latter could not have been heard in that Court to complain of the justice's judgment because it did not award to him all the property replevied by him, so neither can the defendant in error be heard in this Court

to complain of the judgment of the Circuit Court for not reversing the whole of the justice's judgment, instead of a part only.

The next question is, What is the power of the Circuit Court on a certiorari to a justice's court? Is it confined to correcting errors of law only, or may it also correct errors in the finding of facts by the justice? The statute to which we must look for the power of the Court, is not as clear as it might be, and the decisions under it can not all be reconciled with each other. In *Gains v. Betts*, 2 *Doug. Mich.* 98, it was held that a judgment should not be reversed on the ground that the verdict of the jury was against evidence, unless it appeared that there was a total want of testimony to sustain the finding. While in *Herring v. Hock*, 1 *Mich.* 501, it was held that although the verdict of a jury should not be disturbed for slight causes, yet it was not conclusive as to the facts of the case. This decision was on a certiorari to the County Court, under § 54, p. 397 of the Revised Statutes of 1846, which section is in all respects bearing upon the present question like § 132 in the Justice's Act of 1841, under which *Gains v. Betts* was decided: *S. L.* 1841, p. 114. These two cases therefore can not well be reconciled with each other.

If *Herring v. Hock* had been decided under § 76 of the Act to Consolidate the Laws in relation to County Courts, and for other purposes, approved April 2, 1849 (*S. L.* 1849, p. 290), which was in force when the case was finally disposed of, it would be altogether different, as this last section confers greater power on the Court than the section in the Revised Statutes of 1846. It not only authorizes the Circuit Court to "affirm or reverse the judgment of the County Court, in whole or in part," but also to "give such other judgment as justice shall require," and in its discretion to remand the cause to the County Court for a new trial. The difference between the two

sections is referred to in the decision of the Court, so far as it respects the power of the Circuit Court to order a new trial; but no farther. Whether the Court supposed the two sections were in other respects the same, and based their decision on the act of 1849, does not appear. Such may have been the case. Perhaps it may fairly be inferred from the omission of the Court to notice any other difference between the sections than the one mentioned.

On this hypothesis, but no other, the cases may be reconciled. For it will hardly be contended, we think, that the additional power conferred on the Court to "give such judgment as justice shall require," would not author- ize the Circuit Court to review the whole case—the facts. as well as the law—as on an appeal in Chancery.

In *Elliott v. Whitmore*, 5 *Mich.* 538, the Court say, "The Circuit Court, in virtue of its statutory jurisdiction, has power to inquire into the evidence exhibited in the justice's court, and to give judgment as the right of the matter may appear." This dictum — for it can not *be regarded as anything more, as the case was not decided on that point, nor its decision necessary to the decision of the case before the Court—was probably made in view of the decision in *Herring v. Hock*, as that case is mentioned in the opinion of the Court.

These two cases, we believe, are the only cases in which the broad doctrine is laid down that the Circuit Court may review the evidence, and correct the errors of the justice in the finding of fact.

It is not a little remarkable while the power of the Circuit Court is purely statutory—the writ being a statutory and not a common law certiorari—we find nothing said in any of the decisions in regard to the statute itself.

The section in the Justice's Act of 1841, under which *Gains v. Betts* was decided, is in all respects essentially the same as the section in the act relative to justices of the peace now in force, which is as follows:

"The Circuit Court shall proceed to give judgment in. the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits; and may affirm or reverse the judgment, in. whole or in · part, and execution shall issue thereon as upon other· judgments rendered in the Circuit or District Court." *Comp. L.* § 3881.

If the section stopped with the words "which did not affect the merits"; or like § 76 of the act of 1849 relative, to County Courts, contained the words "or give such other judgment as justice shall require," after the words "affirm or reverse the judgment, in whole or in part," we think there would be no doubt of the intention of the Legislature to give the Circuit Court power to revise the whole case, and to make a final disposition of it on its merits. But we must construe the . section as we find it, and in doing so, it is impossible to give it so broad a meaning. If it is suscept-. ible of such a construction as it stands, why did the Legis-lature in the act of 1849 relative to County Courts, insert the words "or give such other judgment · as justice shall require."

The words at the commencement of the section—" shall proceed to give judgment in the case as the right of the matter may appear " — must be · construed in connection with the words which immediately follow, viz: "without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits." Taken together they are to be understood to, mean that the judgment should not be reversed for any of the causes stated; that is, for any technical omission, imper-fection or defect that did not go to the merits: that the judgment should not be reversed for errors that . did not and could not have worked any injury to the party com-plaining. Had the Legislature intended to go further than, this, they would not have restricted the judgment of the

Circuit Court to a reversal or affirmance of the judgment, but have authorized it to give such judgment as the justice should have given.

If the alleged error is a total want of evidence to prove some fact necessary to sustain the judgment, the Court will look into the testimony to see whether there was such evidence or not. If there was, it will not weigh it, or inquire into its sufficiency, but affirm the judgment. If the return shows no such evidence, and it appears all the testimony before the justice has been returned, the judgment will be reversed on the ground that the Justice erred, in law, in rendering the judgment he did without such evidence.

Such we understand to be the true construction of the statute, and the purport of the decision in *Gains v. Betts.*

The case before us is replevin in a justice's court for a trunk, and other articles, consisting in part of wearing apparel. The justice gave judgment for the plaintiff in error for a part of the articles replevied, with six cents damages and five dollars costs, and awarded a return of a part to the defendant in error. Thereupon the latter carried the case to the Circuit Court by certiorari. The Circuit Court reversed the justice's judgment as to some of the articles that had been adjudged by the justice to belong to the plaintiff in error, and gave judgment for them to the defendant in error, with six cents damages and his costs by him sustained on the trial before the justice, and his costs in the Circuit Court. In all other respects the justice's judgment was affirmed. The return to the certiorari shows there was evidence before the justice tending to prove each one of these articles was the property of the plaintiff in error. The Circuit Court therefore erred in reversing so much of the justice's judgment as related to them, if our exposition of the powers of that Court under the statute is correct. It also erred in giving the defendant in error judgment for costs before the justice. For such judgment is not an affirmance or reversal of the justice's judgment or any part

thereof, but a new and independent judgment that the Circuit Court had no power to give.

So much of the judgment of the Circuit Court as gives the defendant in error costs, and as reverses in part the justice's judgment, is reversed. And the justice's judgment, and so much of the judgment of the Circuit Court as affirms said judgment, is affirmed, with costs in both courts.

CHRISTIANCY and CAMPBELL J. concurred.

MARTIN CH. J. concurred in the result.