## Charles M. Welch v. A. Smith Bagg.

*Evidence not to be weighed on certiorari.*—Where there is a conflict of evidence on a trial before a justice, and still evidence has been put in which covers the whole case, so far that, if believed, it would warrant a verdict, the Circuit Court, on certiorari, has no power to weigh the evidence, but must respect the finding, whether it is or is not such as would have been made by that Court. (*Berry v. Lowe,* 10 *Mich.* 9).

12 MICH.—D.

WELCH *v.* BAGG.

*Assignment of error.*—In an affidavit for a certiorari, an allegation of error, that there was no evidence to sustain the verdict and judgment, is too general and uncertain to be noticed. Per MANNING J., MARTIN CH. J. concurring.

*Waiver of tort.*—A plaintiff may recover on a declaration for pasturing cows, on proof showing that his land was used by the defendant for that purpose. If the use was without the plaintiff's consent, defendant was a trespasser, and plaintiff might either sue him in trespass, or waive the trespass and sue in assumpsit. Per MANNING J., MARTIN CH. J. concurring.

*Heard October 15th. Decided November 10th.*

Error to Wayne Circuit.

Suit was brought by Welch against Bagg before a justice, where he declared in assumpsit, " for pasturing cows by the plaintiff, for the defendant, in the Detroit Riding Park, so called, in the year 1862; and upon the common counts." Defendant pleaded the general issue, with notice of special defense. The cause was tried by a jury, who rendered a verdict for plaintiff. Defendant removed the cause by certiorari to the Wayne Circuit Court, assigning in his affidavit for the writ, the following grounds of error:

*First.* That there was no evidence to sustain said verdict and judgment.

*Second.* That there was no evidence showing any lease to, or right of defendant to pasture his cows on said premises.

*Third.* There was no evidence to sustain the relation of landlord and tenant between the parties.

*Lastly.* The court refused to charge the jury, as requested by defendant.

All the evidence given on the trial before the justice was incorporated in his return to the writ of certiorari, but it is not deemed important to give it here. The Circuit Court reversed the judgment of the justice, and Welch brought error.

*H. M. Cheever,* for plaintiff in error.

*D. C. Holbrook,* for defendant in error.

WELCH v. BAGG.

MANNING J.:

Welch obtained a judgment against Bagg in a justice's court. Bagg removed the cause by certiorari to the Circuit Court, where the judgment was reversed, and thereupon the plaintiff sued out a writ of error from this Court.

The affidavit for a certiorari to a justice's court, must state "the grounds upon which an allegation of error is founded:" — *Comp. L.* § 3869. In other words, it must state in what the error of the justice in rendering the judgment consists, that the officer in allowing the writ, and the court afterwards in deciding the cause, may not be required to look through the whole case to see if there is not some-. thing on which it may be reversed. It is to be heard in the Circuit Court "without any assignment or joinder in error, unless there be an allegation of error in fact:"— *Comp. L.* § 3880. The errors complained of in the affidavit are the assignment of errors. In the present case they are as follows :

First. That there was no evidence to sustain said ver-dict and judgment.

Second. That there was no evidence showing any lease to, or right of defendant to pasture his cows on said premises.

Third. There was no evidence to sustain the relation of landlord and tenant between the parties. There was a fourth, but that was abandoned on the argument.

The first ground of error is too general and uncertain to challenge the attention of the Court. It does not state a total want of evidence to prove some fact necessary to establish the plaintiff's cause of action. When the objec-tion is want of evidence, the particular fact of which there was no evidence before the justice, should be stated in the affidavit. If there was evidence before the justice to prove every fact necessary to sustain the judgment, the Circuit Court can not reverse it, however much it may

be dissatisfied with the conclusion of the justice or jury. It can not weigh the evidence as a whole, or on any particular fact to be proved. All it can do is to inquire whether there was a total want of evidence before the justice to prove some fact that should have been proved to sustain the action, and to reverse the judgment for the want of such evidence:—*Berry v. Lowe*, 10 *Mich.* 9.

The second and third grounds of error are good in form but bad in substance.

It was not necessary to prove them to sustain the action. The plaintiff declared orally in assumpsit, for pasturing defendant's cows. To sustain his action it was not neces- sary to prove a lease to defendant, or the relation of landlord and tenant. Such facts, instead of proving, would have disproved the plaintiff's action. If defendant had a lease from plaintiff, he might be sued for the rent, but not for pasturing his cattle on leasehold premises. As to defend- ant's having no right to pasture his cows on plaintiff's land, which is one of the alleged grounds of error; if it were so, the evidence shows he used the plaintiff's land for that purpose, and if he did it without plaintiff's consent, he was a trespasser, and plaintiff might sue him in trespass, or waive the trespass and sue him in assumpsit, as he has done, for pasturing his cattle.

The judgment of the Circuit Court, reversing the jus- tice's judgment, I think should be reversed, and the justice's judgment affirmed, with costs in this and the Circuit Court.

MARTIN CH. J. concurred.

CAMPBELL J.:

Plaintiff sued defendant before a justice, for the price of pasturing certain cows; and obtained judgment.

The Circuit Court reversed this judgment on certiorari, for want of proof.

The errors assigned by the affidavit for certiorari were, that there was no evidence to support the judgment, and

two specific allegations that there was no evidence showing any lease to or right of defendant to pasture his cows on the premises, and none to sustain the relation of landlord and tenant. It was held by this Court in *Berry v. Lowe*, 10 *Mich.* 9, that the Circuit Court could not reverse the judgment of a justice on the evidence, unless no proof could be found in the case which, if believed, would maintain it. If there is a conflict of testimony, and still evidence has been put in which covers the whole case, so far that, if believed, it would warrant a verdict, the Court above must respect the finding, whether it is, or not, such as would have been made by the appellate court if it had power to weigh the evidence. This rule has not been observed in the case before us. There is evidence tending to show that both parties regarded the cattle as rightfully put in the plaintiff's pasture, and that it was expected on both sides that the plaintiff would be paid for the pasturage.

The evidence was pertinent, and satisfied the jury. Their finding could not lawfully be disturbed.

The judgment of the Circuit Court should be reversed, and the justice's judgment should be affirmed, with costs of all the courts.

CHRISTIANCY J. concurred in this opinion.

*Judgment reversed.*